**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**Case No. 21-cv-21579-BLOOM/Otazo-Reyes**

ILOVE305 I, LLC,

    Plaintiff,

v.

CAFÉ AMERICANO OCEAN, LLC,
*et al*.

    Defendants.
_____/

## **ORDER REMANDING CASE**

**THIS CAUSE** is before the Court upon a *sua sponte* review of the record. Because the Court lacks subject matter jurisdiction in this case, it will be remanded to the state court.

"Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (internal citations omitted). "It is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Id.* (citing *Turner v. Bank of N. Am.*, 4 U.S. (4 Dall.) 8, 11 (1799) and *McNutt v. Gen. Motors Acceptance Corp.*, 298 U.S. 178, 182-183 (1936)). "Indeed, it is well settled that a federal court is obligated to inquire into subject matter jurisdiction *sua sponte* whenever it may be lacking." *Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 410 (11th Cir. 1999); *see also Herskowitz v. Reid*, 187 F. App'x 911, 912-13 (11th Cir. 2006) (A "district court may act *sua sponte* to address the issue of subject matter jurisdiction at any time."). When performing this inquiry, "all doubts about jurisdiction should be resolved in favor of remand to

state court." *Yusefzadeh v. Nelson, Mullins, Riley & Scarborough, LLP*, 365 F.3d 1244, 1245 (11th Cir. 2004) (citing *Burns v Windsor Ins. Co.*, 31 F.3d 1092, 1095 (11th Cir. 1994)).

Defendant Café Americano Ocean, LLC ("Defendant") and Defendants 1144OD LLC, and S&M Airplane Enterprises, LLC, filed a Notice of Removal, ECF No. [1] ("Notice"), on April 23, 2021. The Notice is filed pursuant to 28 U.S.C. §§ 1441, 1446, seeking removal, pursuant to 28 U.S.C. §§ 1331, 1338(a),[1] and 1338(b)[2] of an action filed in the Circuit Court of the Eleventh Judicial Circuit in and for Miami-Dade County, Florida entitled *ILOVE305, LLC v. Café Americano Ocean, LLC*, Case No. 2021-006908-CA-01. In the underlying complaint, Plaintiff asserts six claims, including Lanham Act infringement (Count I), Lanham Act false designations (Count II), common law trademark infringement (Count III), common law unfair competition (Count IV), breach of contract (Count V), and civil conspiracy (Count VI). *See* ECF No. [1] at 24-43. Specifically, the claims asserted against Defendant include the Lanham Act claims (Counts I-III), the unfair competition claim (Count IV), and the civil conspiracy claim (Count VI). *See id*. at 37-41. According to the Notice, the Court could properly exercise federal question jurisdiction over the Lanham Act claims, pendent jurisdiction over the unfair competition claim pursuant to 28 U.S.C. § 1338(b), and supplemental jurisdiction over the breach of contract and civil conspiracy claims pursuant to 28 U.S.C. § 1367(a). *See* ECF No. [1].

---

[1] 28 U.S.C. § 1338(a) states, in pertinent part, that

> The district courts shall have original jurisdiction of any civil action arising under any Act of Congress relating to patents, plant variety protections, copyrights and trademarks. No State court shall have jurisdiction over any claim for relief arising under any Act of Congress relating to patents, plant variety protection, or copyrights.

[2] 28 U.S.C. § 1338(b) states that

> The district courts shall have original jurisdiction of any civil action asserting a claim of unfair competition when joined with a substantial and related claim under the copyright, patent, plant variety protection or trademark laws.

"The jurisdiction of a court over the subject matter of a claim involves the court's competency to consider a given type of case and cannot be waived or otherwise conferred upon the court by the parties. Otherwise, a party could work a wrongful extension of federal jurisdiction and give courts power the Congress denied them." *Univ. of S. Ala.*, 168 F.3d at 410 (quoting *Jackson v. Seaboard Coast Line R.R.*, 678 F.2d 992, 1000-01 (11th Cir. 1982)) (internal quotations omitted). Accordingly, "once a federal court determines that it is without subject matter jurisdiction, the court is powerless to continue." *Id.*

On May 11, 2021, Defendant filed a motion to dismiss, seeking dismissal of the Lanham Act claims, the unfair competition claim, and the civil conspiracy claim, (Counts I, II, III, IV, and VI) for failure to state a claim, lack of subject matter jurisdiction, and lack of standing. *See* ECF No. [15].[3] Rather than file a response to Defendant's motion to dismiss, Plaintiff filed a notice of voluntary dismissal with respect to the Lanham Act claims (Counts I, II, and III), the only claims asserted based upon federal question jurisdiction. Thus, the only claims remaining against Defendant are the common law unfair competition claim (Count IV), which is no longer joined with a "substantial and related claim . . . under the . . . trademark laws," and the civil conspiracy claim (Count VI), over which the Court has no independent basis for jurisdiction by virtue of Plaintiff's voluntary dismissal of the Lanham Act claims. *See, e.g. G.P. Putnam's Sons v. Lancer Books, Inc.*, 251 F. Supp. 210, 214-15 (S.D.N.Y. 1966) ("[P]endant claims under § 1338(b), like other pendant claims, should be dismissed when the federal claim falls prior to trial."). As such, the Court lacks subject matter jurisdiction in this case.

---

[3] On May 14, 2021, Defendants 1144 OD, LLC and S&M Airplane Enterprises, LLC filed a motion to dismiss, seeking dismissal of the claims against them. ECF No. [16]. On June 4, 2021, Plaintiff filed a notice of voluntary dismissal as to Defendants 1144 OD, LLC and S&M Airplane Enterprises, LLC. ECF No. [28].

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. This case is **REMANDED** to the Eleventh Judicial Circuit Court in and for Miami-Dade County for further proceedings.

2. The Clerk is **DIRECTED TO CLOSE** this case.

3. Any pending motions are **DENIED AS MOOT**.

4. Any pending deadlines are **TERMINATED**.

**DONE AND ORDERED** in Chambers at Miami, Florida, on June 29, 2021.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record